**HONEYWELL, INC., Plaintiff,**

v.

**SPERRY RAND CORPORATION and Illinois Scientific Developments, Inc., Defendants.**

**No. 4–67–Civ. 138.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 8, 1971.

---

7. As ordered above, the discovery necessary for this purpose is to be completed within twenty days.

Henry Halladay and Bernard G. Heinzen of Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., Dimitri D. Allegretti and Charles G. Call of Bair, Freeman & Molinare, Chicago, Ill., for plaintiff.

H. Francis DeLone, Thomas M. Ferrill, Jr., Harvey Bartle, III, and Frank J. Vinci, Jr., of Dechert, Price & Rhoads, Philadelphia, Pa., for defendants.

Jerome F. Fallon, of Dawson, Tilton, Fallon & Lungmus, Chicago, Ill., John F. Laue, Minneapolis, Minn., for Iowa State University Research Foundation, Inc., petitioner.

LARSON, District Judge.

This matter came before this Court on a petition by Iowa State University Research Foundation (hereinafter ISURF) to intervene in the lawsuit currently in progress involving Honeywell, Inc. v. Sperry Rand Corporation and Illinois Scientific Developments, Inc., for purposes of obtaining a certificate naming John V. Atanasoff as a joint inventor in United States Patent 3,120,606. ISURF is assignee of all rights of Atanasoff in said patent. ISURF does not desire to present any testimony or in fact to intervene in or vary in any manner the proceedings at trial. It feels that the divergent positions adopted by the parties in the primary controversy will provide the Court with all the information required to adjudicate the request it presented.

The right to intervene as party in a lawsuit is controlled by Rule 24 of the Federal Rules of Civil Procedure, which insofar as relevant reads as follows:

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a

practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

There is a dispute among the parties as to which subdivision—(a) or (b)—controls intervenor's application. Naturally, the intervenor ISURF maintains that (a) (2) is applicable and that it may intervene as a matter of right. Defendants Sperry Rand, Inc., and Illinois Scientific Developments, Inc., argue that intervention is permissive and thus subject to the discretion of the Court.

 This Court is obligated to hold for intervenor ISURF in this regard. It is clear that once letters of patent issue, the patent becomes the personal property of the patentee. McCormick Harvesting Machine Co. v. C. Aultman Co., 169 U.S. 606, 608, 18 S.Ct. 443, 42 L.Ed. 875 (1898). The intervention of ISURF assumes the posture of an *in rem* action and comes squarely within the language "claims an interest relating to the property . . . which is the subject of the action," contained in Rule 24(a) (2). The application for intervention, how-

ever, whether asserted as a matter of right or judicial discretion, must be timely. Cameron v. President and Fellows of Harvard College, 157 F.2d 993 (1st Cir. 1946); Lumbermens Mutual Casualty Co. v. Rhodes, 403 F.2d 2 (10th Cir. 1968), cert. denied 394 U.S. 965, 89 S.Ct. 1319, 22 L.Ed.2d 567 (1968); Janousek v. Wells, 303 F.2d 118 (8th Cir. 1962); see also United States v. Wilhelm Reich Foundation, 17 F.R.D. 96 (D.C.Me.1954), aff'd 221 F.2d 957, cert. denied 350 U.S. 842, 76 S.Ct. 82, 100 L.Ed. 750.

 Ordinarily a request to intervene made after trial on the issue has commenced is not considered timely. Tesseyman v. Fisher, 231 F.2d 583 (9th Cir. 1955); In Re Willacy County Water Control & Improvement Dist. No. 1, 36 F.Supp. 36 (D.C.Tex. 1940); Kaplan v. Guardian Life Ins. Co. of America, 231 F.Supp. 874 (D.C.Mo.1964); but see Knapp v. Hankins, 106 F.Supp. 43 (D.C. Ill.1952). (Motion filed during continuance and only eight weeks after intervenor became aware of his rights). However, the Court should take into account all circumstances when deciding whether an application is timely. Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1970); Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970). Where intervention is a matter of right, it may be granted at a point in suit at which it would be imprudent to grant permissive intervention. Diaz v. Southern Drilling Corp., *supra.*

 In the instant case intervenor knew about the lawsuit long before it made any effort to intervene. Intervention has been requested after all discovery is complete and, indeed, after Mr. Atanasoff has testified. It seems unwise to this Court in a case of this magnitude to permit at such a late date the intrusion of additional issues. It would be difficult, if not impossible, for counsel to modify the conduct of the trial to encompass the additional issues. Any efforts to conduct additional discovery and to recall

witnesses would result in substantial delay and might very well interfere with the orderly presentation of evidence in the present parties' primary cases. Under such circumstances it is the opinion of this Court that the motion by Iowa State University Research Foundation to intervene in this matter must be denied.

It is so ordered.

The Court is willing to certify the matter to the Court of Appeals pursuant to 28 U.S.C. § 1292(b). An Order may be presented to the Court by the party requesting such certification.