IOWA STATE UNIVERSITY RE-
SEARCH FOUNDATION, INC.,
Intervenor-Appellant,

v.

HONEYWELL, INC., Plaintiff-Appellee,

v.

SPERRY RAND CORPORATION et al.,
Defendants-Appellees.

No. 71–1531.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1972.

Decided May 3, 1972.

Jerome F. Fallon, Timothy L. Tilton, Dawson, Tilton, Fallon & Lungmus, Chicago, Ill., for intervenor-appellant.

Frank Claybourne, Doherty, Rumble & Butler, St. Paul, Minn., H. Francis De-Lone, Harvey Bartle, III, Dechert, Price & Rhoads, Philadelphia, Pa., Thomas M. Ferrill, Jr., Blue Bell, Pa., for appellees, Sperry Rand Corp. and Ill. Scientific Developments, Inc.

Before VAN OOSTERHOUT, ME-HAFFY and STEPHENSON, Circuit Judges.

PER CURIAM.

This is a timely appeal by Iowa State University Research Foundation, Inc. (ISURF) from an order, 54 F.R.D. 594, denying it a right to intervene in litigation pending between Honeywell, Inc., and Sperry Rand Corporation, et al., relating to the validity and infringement of Patent No. 3,120,606 issued to Eckert and Mauchly, inventors, and assigned to Illinois Scientific Developments, Inc., a wholly owned subsidiary of Sperry Rand.

The patent, issued February 4, 1964, involves a high speed, large scale digital computer known as the ENIAC computer. The Honeywell suit was commenced on May 26, 1967. Extensive discovery proceedings were engaged in during the next three and one-half years. Many depositions were taken; over 30,000 exhibits were identified. Honeywell's brief, setting forth its factual and legal claims, contains 1,167 pages. Trial commenced on June 1, 1971.

ISURF on July 21, 1971, a month and one-half after the commencement of the trial on the merits, filed a motion for leave to intervene under Rule 24(a), Fed.R.Civ.P., tendering a petition raising the issue that John V. Atanasoff was a joint inventor of Patent No. 3,120,606 (along with Eckert and Mauchly) and seeking an order to correct the patent record under 35 U.S.C.A. § 256 to show Atanasoff to be a joint inventor. ISURF is assignee of Atanasoff's rights in the patent. ISURF and its assignor have been aware of this litigation since shortly after the inception of this action in 1967.

Sperry Rand vigorously opposed the intervention, asserting that the intervention raises an entirely new issue, to wit, that Atanasoff was a co-inventor and that to fairly investigate and present evidence on this issue will acquire investigation, discovery and a considerable amount of time and will disrupt the complex and lengthy trial in progress and cause indeterminable delay. Honeywell employed Atanasoff to assist it in a defense that the patent was derived from Atanasoff. Honeywell made no contention that the patent was a joint one of Atanasoff, Eckert and Mauchly. Honeywell took a neutral position on the intervention.

Judge Larson, after affording the parties a full hearing on the motion for leave to intervene, on August 4, 1971, entered an order denying leave to intervene. The unreported memorandum opinion properly sets out the applicable law and the findings upon which the denial is based. Included in such opinion is the following:

"In the instant case intervenor knew about the lawsuit long before it made any effort to intervene. Intervention has been requested after all discovery is complete and, indeed, after Mr. Atanasoff has testified. It seems unwise to this Court in a case of this magnitude to permit at such a late date the intrusion of additional issues. It would be difficult, if not impossible, for counsel to modify the

conduct of the trial to encompass the additional issues. Any efforts to conduct additional discovery and to recall witnesses would result in substantial delay and might very well interfere with the orderly presentation of evidence in the present parties' primary cases. Under such circumstances it is the opinion of this Court that the motion by Iowa State University Research Foundation to intervene in this matter must be denied."

 The opening clause of Rule 24(a) dealing with intervention of right reads "Upon timely application. . . . " An application for intervention whether asserted as a matter of right or judicial discretion must be timely. Lumbermens Mutual Cas. Co. v. Rhodes, 10 Cir., 403 F.2d 2, 5; Janousek v. Wells, 8 Cir., 303 F.2d 118, 122; Kaplan v. Guardian Life Ins. Co. of America, W.D.Mo., 231 F.Supp. 874, 876–877.

As stated in Kozak v. Wells, 8 Cir., 278 F.2d 104, 109, "Timeliness is to be determined from all the circumstances shown."

The application for leave to intervene was filed more than four years after the commencement of the action and after extensive discovery had been completed, and after the trial on the merits had proceeded for one and one-half months. The reason asserted by ISURF for its belated effort to intervene is that its right to relief is based on the decision of the Fourth Circuit in Iowa State University Research Foundation, Inc., v. Sperry Rand Corp., 444 F.2d 406, decided June 22, 1971. That case involves a separate and distinct patent from the one here involved, but presents a claim for the same basic relief here sought by the intervenor. No issue of timeliness of the intervention is raised in the Fourth Circuit case. The reported opinion reflects that ISURF raised by intervention in the trial court the same basic issue it raises in its proposed intervention here. It is apparent from the Fourth Circuit case that ISURF knew of its potential rights here asserted long before the present trial on the merits commenced. No valid reason appears why ISURF could not have asserted its right to intervene at a much earlier time.

 We are abundantly satisfied that the trial court did not abuse its discretion in denying ISURF's untimely application for leave to intervene. The judgment is affirmed upon the basis stated by Judge Larson in his well-considered memorandum opinion, 54 F.R.D. 593.