Maudra NEVILLES et al., Appellants,

v.

EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION and Union
Electric Company, Appellees.

No. 74–1733.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1975.

Decided March 3, 1975.

**304**

Stuart Cofman, St. Louis, Mo., for appellants.

William H. Ferrell, St. Louis, Mo., for Union Elec.

Mollie W. Neal, Washington, D. C., for E.E.O.C.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal is from an order denying a motion filed by Ms. Nevilles and the other appellants, to enjoin, set aside and to intervene in an action between appellees, the Equal Employment Opportunity Commission (EEOC) and Union Electric Company (Company). We affirm the denial of that motion.

In December 1968, a local official in the International Brotherhood of Electrical Workers (Union) filed a complaint with EEOC alleging that the Company's maternity leave policies were discriminatory on the basis of sex, in violation of 42 U.S.C. § 2000e–2. After investigation and unsuccessful attempts at conciliation, the EEOC filed suit against the Company on April 26, 1973, under 42 U.S.C. § 2000e–5(f)(1) and (3).[1]

---

1. EEOC v. Union Electric Co., No. 73C 260(4) (E.D.Mo., filed Apr. 26, 1973). EEOC's complaint also alleged racial discrimination. The racial aspects are not at issue here.

During the course of the suit the Union local was kept informed of its progress by EEOC. Extensive discovery was conducted by both .sides and on March 12, 1974, the parties agreed to the entry of a consent decree. The decree required the Company to revise its recruitment, hiring, promotion and transfer procedures to eliminate sex discrimination. It also contained provisions concerning maternity leave, including a week of sick leave with pay and maternity leave of absence without pay on the same terms and conditions as for other physical disabilities. It prohibited the company from requiring employees to take leave before a reasonable time prior to delivery date, and made certain adjustments in seniority for employees who had once been terminated because of pregnancy but subsequently rehired. Finally, the Company was required to pay $62,500, which was to be disbursed to employees and former employees whose employment had been terminated in the past because of pregnancy.

On May 16, 1974, more than two months after the consent decree was entered, the appellants, employees and former employees of the Company who are also Union members, filed their motion. They alleged that their rights and interests were affected by the consent decree, they were not given formal notice of the litigation, and that they were not adequately protected or represented in the suit. Specifically, they objected to the adjustments to seniority and the amount of money awarded. The motion requested that the operation of the consent decree be enjoined, the decree set aside, and that they be allowed to intervene in the lawsuit. On June 21, 1974, there was a hearing on the motion, and. it was denied on July 26, 1974.

██ Under 42 U.S.C. § 2000e–5(f)(1), an aggrieved employee has an absolute right to intervene in a civil action brought by the EEOC. EEOC v. Missouri Pacific Railroad, 493 F.2d 71, 74 (8th Cir. 1974). However, Fed.R.Civ.P. 24(a) interposes as a condition precedent that the application to intervene must be timely. It is true that in some situations intervention may be proper even though a judgment has been entered. Kozak v. Wells, 278 F.2d 104, 109 (8th Cir. 1960) (dictum). But the question of timeliness is to be determined by the trial judge in his discretion from all the circumstances; unless he abuses that discretion, his decision will not be disturbed on review. NAACP v. New York, 413 U.S. 345, 365–366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Among the factors the judge should consider are: how far the proceedings have gone when the movant seeks to intervene, NAACP v. New York, *supra*, 413 U.S. at 367–368, 93 S.Ct. 2591; Iowa State University Research Foundation v. Honeywell, Inc., 459 F.2d 447, 449 (8th Cir. 1972), prejudice which resultant delay might cause to other parties, Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1125–1126 (5th Cir.), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); Kozak v. Wells, *supra*, 278 F.2d at 109, and the reason for the delay, Iowa State University Research Foundation v. Honeywell, Inc., *supra*, 459 F.2d at 449.

██ In this case judgment was entered more than two months before appellants sought to intervene. In order to grant the motion of the twelve appellants it would have been necessary to withhold from all other employees, at least temporarily, the considerable relief afforded by the consent decree.[2] To excuse their failure to intervene earlier the appellants state they were not notified of the action. However, the burden was on them to demonstrate that they had no notice of the action and that this was sufficient reason for waiting for over a year from commencement of suit, and over two months after entry of judgment, before they moved to intervene.

---

**2.** About one hundred women (including some of the appellants) were included in the class amongst whom the monetary award was to be distributed. In addition, a large number would also benefit in the future from the provisions of the consent decree which were designed to end racial and sexual inequality in the Company.

The evidence established that the Union to which appellants belong was kept informed of the status of the suit throughout and of the provisions of the proposed consent decree. It also appeared that other employees of the company were aware of the suit. Finally, appellants never alleged in the court below that they did not *know* of the suit, although they have now so stated on appeal. Their motion, the memorandum in support thereof, and oral argument on the motion rely on the fact that they were not given formal notice by the litigants. The district court could reasonably have determined that appellants did not allege or prove that they had no knowledge of the suit during its pendency which would justify the delay in filing their motion. NAACP v. New York, *supra*, 413 U.S. at 366–367, 93 S.Ct. 2591.

We find no abuse of discretion in denial of the appellants' motion. The judgment of the district court is affirmed.