Theophilis McCLAIN, Plaintiff,

v.

WAGNER ELECTRIC CORP.,
Defendant.

No. 75–670 C(1).

United States District Court,
E. D. Missouri, E. D.

Dec. 30, 1975.

Raymond Howard, Jr., Howard, Richardson & Edwards, St. Louis, Mo., for plaintiff.

D. J. Sullivan, Timothy L. Stalnaker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

This action is before the Court on defendant's motion to dismiss and plaintiff's motion to intervene in an action previously before another division of this Court, *Equal Employment Opportunity Commission v. Wagner Electric Corp.*, Civil No. 73–C–310(4) (E.D.Mo., consent decree entered November 5, 1973, cause dismissed November 5, 1975).

For the reasons stated below, the motion to dismiss shall be granted and the motion to intervene denied.

Plaintiff brings this action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging that defendant wrongfully discharged him because of his race. Defendant contends that plaintiff's action cannot be maintained since the identical charge formed part of the basis for a separate action against defendant by the E.E.O.C., Civil No. 73–C–310(4), supra, which was settled by consent decree on November 5, 1973.

Plaintiff first complained of the alleged wrongful discharge to the E.E.O.C. in a charge filed on February 10, 1971, E.E.O.C. Charge and Case No. TKCO–0309, YKC1–270. The Commission subsequently filed the action noted above based in part on plaintiff's charge. The consent decree settling that case reads in pertinent part:

"15. During the term of this Decree, the Commission covenants not to institute any further suit against Wagner with respect to allegations similar to the allegations in the complaint herein which are commonly characterized as systemic problems or 'class' issues in private litigation under Title VII, to wit: hiring, job assignment, promotions, transfer, discharge, recruitment and training and other terms and conditions of employment. This covenant shall apply to all race charges against Wagner during the two-year period of this Decree, including charges now pending before the Commission. It shall not apply to charges alleging acts of discrimination against specific individuals in violation of Title VII, except that compliance with this Decree will be taken as a full settlement by the Commission of EEOC Charge and Case Numbers . . . TKCO–0309, YKC1–270 (McClain) . . ."

Plaintiff, who avers that he received no notice of the commencement or settlement of the E.E.O.C. action against defendant, received a statutory "Right to Sue" letter from the Commission on June 30, 1975, over a year and a half after the Commission had purportedly settled plaintiff's claim.

The issue presented by this cause has been before this Court previously. In *Crump v. Wagner Electric Corp.*, 369 F. Supp. 637 (E.D.Mo.1973), an individual claimant brought an action against defendant Wagner Electric Corporation two months after the E.E.O.C. filed its complaint in Civil No. 73–C–310(4). Finding that the statutory scheme set forth in 42 U.S.C. § 2000e–5(f)(1) was designed to avoid a multiplicity of suits, this Court held that once the E.E.O.C. has filed suit, the individual claimant is precluded from bringing a separate action based on the same charge, and is relegated to his statutory right of intervention in the E.E.O.C. action. The Eighth Circuit has endorsed this interpretation of section 2000e–5(f)(1) in *E.E.O.C. v. Missouri Pacific R. R.*, 8 Cir., 493 F.2d 71, 74 (1974):

"Once either the Commission or the charging party has filed suit, § 2000e–5(f)(1) speaks only in terms of intervention—the absolute right of the charging party to intervene if the Commission elects to file suit within 180 days; the permissive right of intervention on the part of the Commission in the private action. The statute cannot be read to warrant duplicitous lawsuits when both actions find their genesis in one unlawful employment practice charge."

There is nothing in section 2000e–5(f)(1) which would authorize the Commission to issue a "Right to Sue" letter to a claimant after submitting and obtaining approval of a consent decree which on its face is in full settlement of that claimant's charge. The Commission's alleged failure to notify plaintiff of the pendency of its suit until over a year and a half after that suit had been settled is a factor which must be taken into consideration in passing upon plaintiff's motion to intervene, but does not create in the plaintiff a separate cause of action.

Although the claimant has an absolute right to intervene in the E.E.O.C. action, the application to intervene must be timely, under F.R.Civ. P. 24(a). *Nevilles v. E.E.O.C.*, 511 F.2d 303 (8th Cir. 1975). The court in *Nevilles,* stating that intervention is proper in some situations even after judgment has been entered, lists as factors to be considered in determining timeliness of a motion to intervene: (1) how far the proceedings have gone when the application is made; (2) prejudice to other parties if intervention were allowed; and (3) the reason for the delay.

Plaintiff's motion to intervene, filed over twenty-three months after the consent decree was entered, would result in extreme prejudice to the defendant, who relied in good faith on the E.E.O.C.'s representations that plaintiff's and other specific claims were settled in full by the decree.

Accordingly, this action will be dismissed with prejudice, and plaintiff's motion to intervene in Civil No. 73–C–310(4) denied.