UNITED STATES of America, Plaintiff,

The State of Michigan et al.,
Plaintiffs-Intervenors,

State of Minnesota and Minnesota Pollution Control Agency, Plaintiffs,

v.

RESERVE MINING COMPANY et al., Defendants,

Northeastern Minnesota Development Association et al.,
Defendants-Intervenors.

No. 5–72 Civ.–19.

United States District Court,
D. Minnesota,
Fifth Division.

Aug. 9, 1976.

John E. Varnum, Washington, D. C., for plaintiff United States of America.

Michael H. Ferring, St. Paul, Minn., for the United States Army Corps of Engineers.

Byron E. Starns, Philip Olfelt, Paul Faraci and James Schoessler, St. Paul, Minn., for plaintiff State of Minnesota.

William P. Dinan, Robert E. Asleson, Daniel C. Berglund, Duluth, Minn., for plaintiff City of Duluth.

Howard J. Vogel, Minneapolis, Minn., for plaintiffs Minnesota Environmental Law Institute, Inc., Northern Environmental Council, Save Lake Superior Ass'n, Michigan Environmental Student Confederation, Inc., and Environmental Defense Fund, Inc.

Dennis J. Korman, Cloquet, Minn., for City of Cloquet.

Edward Fride, Duluth, Minn., and Maclay Hyde, Minneapolis, Minn., for defendant Reserve Mining Co.

William Egan, Minneapolis, Minn., for defendant Republic Steel Co.

John Gordon and G. Allen Cunningham, Minneapolis, Minn., for defendant Armco Steel Co.

Wayne G. Johnson, Silver Bay, Minn., for defendants Village of Beaver Bay, Silver Bay Chamber of Commerce, Village of Silver Bay, Town of Beaver Bay, Lax Lake Property Owners Assn.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The City of Cloquet, claiming that its water supply, drawn from Lake Superior, has been damaged by defendant Reserve Mining Company's discharges of industrial wastes, seeks to intervene in this lawsuit in order to impose liability on Reserve. Cloquet contends that either Rule 24(a)(2)—intervention of right—or 24(b)(2)—permissive intervention—authorizes its participation in this lawsuit. Defendants counter by arguing that this controversy between Reserve and Cloquet is not within the court's subject matter jurisdiction and that this application is not timely.

Whether an application is timely, a requirement contained in both Rule 24(a) and Rule 24(b), is a question within the sound discretion of the trial court. 3B J. Moore, *Federal Practice* ¶ 24.13[1]. Without examining the question of subject matter jurisdiction, it is clear that this motion must be denied because it is not timely. *Honeywell, Inc. v. Sperry Rand Corp,* 54 F.R.D. 593 (D.Minn.1971), aff'd sub nom., *Iowa State Research Foundation, Inc. v. Honeywell, Inc.,* 459 F.2d 447 (8th Cir. 1972), 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1916.

This lawsuit began more than four years ago. Months of pretrial preparation were followed by a lengthy trial. Determinative orders and judgments have been entered, several of which were appealed. The Court of Appeals has filed a number of decisions and two appeals pend. The last evidentiary hearing was held more than a year ago. It is clear that the major issues in this litigation have been decided.

To permit Cloquet to intervene at this late date would be prejudicial to the rights of the parties, would substantially interfere with the orderly processes of the court and would prolong even further final resolution of the issues which remain.

Although Cloquet could have intervened when this lawsuit began, it did not and now offers no reasonable explanation justifying its inaction.

Cloquet argues that because Reserve continues to "delay the day on which it must abate the problem . . . or cease the discharge" and because many issues remain unsettled, intervention is both necessary and appropriate. This argument is without merit. All major issues have been decided and this court has directed that Reserve cease its discharges into Lake Superior by July 7, 1977. The court can visualize no set of circumstances which would prompt it to modify the effective date of that injunction.

For all practical purposes, this lawsuit is at an end. It is no time for the inclusion of new parties and the injection of new triable issues. The proper forum for Cloquet's claims is the state district court where jurisdiction unquestionably lies.

IT IS ORDERED that the motion of the City of Cloquet to intervene is DENIED.