Donald F. JACKSON et ux., Plaintiffs,

v.

SENTRY INDEMNITY COMPANY,
Defendant.

No. Civ. 4–76–32.

United States District Court,
E. D. Tennessee,
Winchester Division.

July 11, 1977.

See also D.C., 76 F.R.D. 600.

John M. McCord, Henry & McCord, Tullahoma, Tenn., for plaintiffs.

Thomas M. Hull, Haynes, Hull & Ray, Tullahoma, Tenn., and Clayton H. Farnham, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for the recovery of the proceeds of a policy of fire insurance. 28 U.S.C. § 1332(a)(1), (c). The First National Bank of Tullahoma, Tennessee moved belatedly to be allowed to intervene as a party plaintiff herein. Rule 24(c), Federal Rules of Civil Procedure. Such institution apparently holds a first mortgage on the property of the plaintiffs, the burning of which is the subject of this action, and claims to be entitled to at least a substantial portion of any recovery by the plaintiffs herein.

█ Recently Mr. Justice Blackman stated for the Supreme Court:

\* \* \* \* \* \*

\* \* \* Intervention in a federal court suit is governed by Fed.Rule Civ. Proc. 24. Whether intervention, be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be "timely". If it is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to timeliness. \* \* \*

\* \* \* \* \* \*

*N.A.A.C.P. v. New York* (1973), 413 U.S. 345, 365, 93 S.Ct. 2591, 2602, 37 L.Ed.2d 648, 662[8–10]. This Court is not so satisfied.

█ The timeliness of an application for intervention under Rule 24, Federal Rules of Civil Procedure, " * * * is to be determined from all the circumstances. * * *" *Idem.* Although the point to which the action has progressed is one factor in the determination of timeliness, it is not solely dispositive. *Idem.*

█ This action was commenced on August 26, 1976. A thorough pretrial conference was held on April 18, 1977. Rule 16, Federal Rules of Civil Procedure. A pretrial order was filed on April 22, 1977, *idem.*, and such order " * * * conclusively established the issues of fact and law in the case. * * *" *United States v. Hougham* (1960), 364 U.S. 310, 315, 81 S.Ct. 13, 5 L.Ed.2d 8, 14 (headnote 4), rehearing denied (1960), 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372. The proposed intervenor, not having been represented at such pretrial conference, could hardly be bound by the resulting pretrial order.

█ The proposed intervenor offers no explanation of the reason it waited so long to attempt to protect its rights, if any, herein. There is no claim made by it that it learned only recently of the pendency of this action. It would seem that First National must have known of " * * * its potential rights here asserted long before the * * * [present, and] * * * [n]o valid reason appears why [it] could not have asserted its [alleged] right to intervene at a much earlier time. * * *" *Iowa State Univ. Research Found., Inc. v. Honeywell, Inc.*, C.A.8th (1972), 459 F.2d 447, 449[1]. " * * * [I]t was incumbent upon the [proposed intervenor] to take immediate affirmative steps to protect [its] interests. * * *" *N.A.A.C.P. v. New York, supra*, 413 U.S. at 367, 93 S.Ct. at 2604, 37 L.Ed.2d at 664[8–10].

* Such ruling " * * * makes it unnecessary * * * to consider whether other conditions for intervention under Rule 24 [are] satisfied.

It is the resulting conclusion of the Court that under all the circumstances First National's motion to intervene herein is untimely. See and *cf. Joseph Skillken & Co. v. City of Toledo*, C.A.6th (1975), 528 F.2d 867, 873[1], (where the application to intervene was filed only three days after certain defendants had answered and when the discovery process had just commenced). See also *Equal Employment Op. Com'n v. United Airlines, Inc.*, C.A.7th (1975), 515 F.2d 926. Accordingly, in the discretion of the Court, *N.A.A.C.P. v. New York, supra*, 413 U.S. at 366, 93 S.Ct. at 2603, 37 L.Ed.2d at 662–663[8–10], such motion hereby is DENIED.*

* * *" *N.A.A.C.P. v. New York, supra*, 413 U.S. at 369, 93 S.Ct. at 2605, 37 L.Ed.2d at 664–665[11].