**Brenda Faye BENSON, Plaintiff,**

v.

**LITTLE ROCK HILTON INN, Defendant,**

**Alberta Louise Hallman and Equal Employment Opportunity Commission, Intervenors.**

**No. LR–C–79–17.**

United States District Court, E. D. Arkansas, W. D.

July 21, 1980.

P. A. Hollingsworth, Little Rock, Ark., for plaintiff and intervenor Hallman.

Elizabeth H. Doucet, E.E.O.C., New Orleans, La., for intervenor E.E.O.C.

James L. Morris, Gardere, Wynne & Jaffe, Dallas, Tex., Webster L. Hubbell, Rose, Nash, Williamson, Carroll, Clay & Giroir, Little Rock, Ark., for defendant.

## ORDER

EISELE, Chief Judge.

Pending before the Court is the Motion to Intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, filed by the Equal Employment Opportunity Commission, together with its Certificate of General Public Importance. The defendant has vigorously resisted said intervention in this case brought, *inter alia*, pursuant to 42 U.S.C. § 2000e, *et seq.*

Section 706(f)(1), 42 U.S.C. § 2000e-5(f)(1) provides in pertinent part:

Upon timely application the Court may, in its discretion, permit the Commission . . . to intervene in such action upon certification that the case is of general public importance.

Rule 24(b) states in part:

Upon timely application anyone may be permitted to intervene in an action (1) when a statute of the United States confers a conditional right to intervene . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Thus there are three inquiries properly made by the Court in exercising its discretion to permit intervention: Was the petition timely filed; will intervention unduly delay; will intervention prejudice the parties?

The defendant claims that the EEOC filed its petition too late in spite of its notice of the pendency of this cause, that intervention will unduly delay the trial, which Judge Overton had scheduled for August 7, 1980, and that the defendant would be prejudiced thereby. The defendant also claims that intervention by the EEOC is unnecessary, and that, should intervention be allowed at all, it should be for limited purpose.

■ This cause of action was transferred to this Court's docket because of Judge Overton's recusal. The discovery cutoff date and imminent trial setting have necessarily been abrogated due to prior commitments of this Court. Thus the defendant's understandable alarm at intervention after the completion of discovery no longer applies. And although the EEOC did not promptly act to enter this case, that fact, without more, is insufficient to cause a denial of the conditional right to intervene. As the court stated in a case cited by the defendant, it is the length of time during which proposed intervenors fail to act *and* the prejudice to existing parties which must be shown to justify denial of intervention. *See EEOC v. United Air Lines, Inc.*, 515 F.2d 946, 949 (7th Cir. 1975). This case, unlike the Eighth Circuit cases cited to the Court, has not gone to trial or to judgment. *Cf., Nevilles v. EEOC*, 511 F.2d 303 (8th Cir. 1975); *Iowa State University Research Foundation, Inc. v. Honeywell, Inc.*, 459 F.2d 447 (8th Cir. 1972).

The defendant points out that the EEOC's shortcomings[1] in this case have been so egregious that the Eighth Circuit rule in *Johnson v. Nekoosa Edwards Paper Co.*, 558 F.2d 841 (8th Cir.), *cert. den. sub nom., Nekoosa Papers, Inc. v. EEOC*, 434 U.S. 920, 98 S.Ct. 394, 54 L.Ed.2d 276 (1977), should not apply, particularly since the EEOC would be barred by its failure from filing direct suit. This rule, that in spite of its failure to seek conciliation the EEOC may intervene, coupled with the decision in *General Telephone Company of Northwest, Inc. v. EEOC*, —— U.S. ——, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), which held that compliance with the class action requirements of Rule 23 are not mandatory in a direct action brought by the EEOC, serve as the basis for the claim of prejudice alleged by the defendant:

---

1. The EEOC has not controverted this allegation.

Given the Eighth Circuit's blurring of the substantive distinction between a direct suit by the EEOC and the broad permissive intervention permitted in *Nekoosa*, we are now merely one semantic distinction away from a holding that the EEOC *as a permissive intervenor* may seek class wide relief likewise unencumbered by the strictures of class action litigation. . .

(Defendant's Brief in Opposition, p. 7). The prejudice feared by the defendant would arise if the court ruled that when the EEOC is allowed permissive intervention, it need not comply with Rule 23 prerequisites. In that situation, class certification would be virtually automatic, to the defendant's detriment. No decision has been made concerning the class status of this cause, of course. Furthermore, the holding cited by the defendant, has not been made applicable to a suit like this where the EEOC has not filed a direct action. The Court does not read *Nekoosa* as addressing the discretion of the Court to permit intervention by the EEOC. Rather intervention is assumed to be permissive and within the Court's discretion once the required showing of timeliness *and* lack of delay and prejudice has been made.

The EEOC offers its expertise; the defendant says it is not needed. This is not determinative. In terms of prejudice, however, the defendant's request that intervention, if any, be limited to allow contest of only those claims the plaintiff is entitled to. contest, is reasonable given the failure of the EEOC to conciliate.[2] *Cf., EEOC v. Mallenckrodt, Inc.*, 22 FEP Cases 311 (E.D.Mo. 1980). In that direct suit by the EEOC Judge Wangelin noted the limited nature of the EEOC's investigation of the claims of a charging party and held that in view of the

limited fact finding by the EEOC, the Court's jurisdiction was confined to the claim of the charging party only. In the case *sub judice* the class certification issue has already been briefed based on the plaintiff's complaint. To allow a broad gauge attack on all the defendant's employment practices, when all were not implicated in the original complaint, would enhance the potential liability of the defendant prejudicially and will not be allowed. (The EEOC's complaint in intervention generally parallels the original complaint[3] so there is no expectation that aforesaid limitation will be burdensome to the proposed intervenor.) Whether claims based on sexual discrimination may be adjudicated in this case will be determined when the motion for class certification is decided.[4]

It is therefore Ordered that the EEOC's motion for intervention be, and it is hereby, granted, said intervention being limited to contesting such claims as the plaintiff is entitled to contest.

2. In *Nekoosa supra* at 846, the court stated that the scope of an EEOC suit in intervention might be broader than that of the private suit. But the Court added that limitation of the scope of the action was proper given the failure of the EEOC to attempt conciliation. *Id.* at 847, n. 13.

3. The EEOC may not use "F" of its "Statement of Claim" as a means to include all nonspeci-

fied employment practices within the compass of this lawsuit.

4. It is not clear that the plaintiff even seeks to represent a class of females or of black females. *Cf.* "Amended Complaint," filed October 31, 1979, with "Memorandum of Law in Support of Motion for Class Certification," filed May 5, 1980.