675 F.2d 164
 28 Fair Empl.Prac.Cas. 815,
28 Empl. Prac. Dec. P 32,572
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellee,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Appellee,
Terri Stiles, La Doris Stiles and Ronald Stiles, Jr., Appellants.
 No. 81-2334.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 24, 1982.
Decided April 2, 1982.
 
 Raymond Howard, St. Louis, Mo., for appellants.
 Coburn, Croft & Putzell, John R. Musgrave, Ruth M. Zimmerman, St. Louis, Mo., for appellee Westinghouse Elec. Corp.
 Michael J. Connolly, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, Karen MacRae Smith, Atty., Washington, D. C., for Equal Employment Opportunity Commission.
 Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's[1] order denying a motion by Terri Stiles and her children, appellants, to intervene in an action between appellees, the Equal Employment Opportunity Commission (EEOC) and Westinghouse Electric Corp. (Westinghouse). Appellants also seek leave from this court to proceed in forma pauperis. We grant leave to proceed in forma pauperis and affirm the denial of the motion to intervene.
 
 
 2
 The underlying action in this matter, charging Westinghouse with discriminatory treatment of certain employees on the basis of race,[2] was initiated by the EEOC in April of 1976. On September 9, 1981, after extensive litigation and negotiations, the suit culminated in the approval of a consent decree, which settled all outstanding issues in the action. In part, the decree required that Westinghouse pay $10,000, which was to be disbursed to various employees who had been discriminatorily discharged. Included in this amount was a payment of $500 to the beneficiaries of Ronald Stiles, a former Westinghouse employee since deceased.
 
 
 3
 On October 8, 1981, appellants, the widow and minor children of Ronald Stiles, moved to set aside that portion of the consent decree pertaining to Stiles. This motion, treated by the district court as a motion to intervene, was denied on grounds of untimeliness. On October 31, appellants filed a motion to intervene which was denied on November 2. This appeal followed.
 
 
 4
 Although an aggrieved employee has a statutory right to intervene in a civil action brought by the EEOC, see 42 U.S.C. § 2000e-5(f)(1), a condition precedent to intervention is interposed by Fed.R.Civ.P. 24(a), which requires that the application to intervene be timely. E.g., Nevilles v. EEOC, 511 F.2d 303, 305 (8th Cir. 1975) (per curiam). In this context, the question of timeliness is to be determined by the district court in its discretion; absent an abuse of discretion, the district court's decision will not be disturbed on review. Id. A determination of timeliness involves the consideration of several factors, including the progress of the litigation at the time intervention is sought, the length of the delay, the reason for the delay, and the prejudice other parties would suffer if intervention were permitted. McClain v. Wagner Electric Corp., 550 F.2d 1115, 1120 (8th Cir. 1977).
 
 
 5
 In the instant case, the parties' consent decree was entered approximately one month prior to appellants' attempts to intervene; over five years had elapsed since commencement of the action. The sole excuse offered by appellants for their failure to seek intervention earlier is that Ronald Stiles had no actual knowledge of the lawsuit. Appellees concede that absence of knowledge may, under certain circumstances, excuse delay in attempting to intervene in an action. The burden of demonstrating lack of knowledge is on appellants. Nevilles v. EEOC, supra, 511 F.2d at 305. Under the record in this case, we cannot say that the district court abused its discretion in finding that this burden has not been sustained. The affidavit of an EEOC attorney involved in the case shows that the attorney spoke to Ronald Stiles in person about the Westinghouse lawsuit. Attachments to the affidavit show that Ronald Stiles completed an EEOC questionnaire concerning his earnings after being discharged by Westinghouse; a letter which accompanied the questionnaire discussed the lawsuit against the company. Moreover, aside from the allegations in their motion to intervene and accompanying affidavits, there is nothing to support appellants' claim that Ronald Stiles was unaware of the pendency of the underlying EEOC action. From this record, the district court could reasonably have determined that appellants failed to demonstrate that Ronald Stiles had no knowledge of the suit during its pendency which would justify the delay in filing their motion.
 
 
 6
 We find no abuse of discretion in the denial of appellants' motion to intervene. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri
 
 
 [2]
 In violation of 42 U.S.C. § 2000e et seq