Charles NELOMS et al.,

v.

SOUTHWESTERN ELECTRIC POWER COMPANY, and Local No. 329, International Brotherhood of Electrical Workers.

Civ. A. No. 74-613.

United States District Court, W. D. Louisiana, Shreveport Division.

Sept. 10, 1976.

Robert E. Piper Jr., and Frank E. Brown, Jr., Piper & Brown, Shreveport, La., Okla Jones II, New Orleans, La., for plaintiffs.

Arthur R. Carmody Jr., Wilkinson, Carmody & Peatross, Shreveport, La., William F. Banta, Kullman, Lang, Inman & Bee, New Orleans, La., for Southwestern Elec.

James A. Burnett, Burnett, Harrison, Sutton & Walker, Shreveport, La., for Union.

## MEMORANDUM RULING

STAGG, District Judge.

Pursuant to the August 3, 1976, pretrial conference in the captioned case, the Court has reviewed the suggestions of counsel for all parties regarding the content and manner of notice to the putative class members.

All parties appear satisfied with the latest changes in the content of the notice, which shall read as follows:

**"NOTICE TO CLASS**

TO: (1) All black persons who applied for jobs with SOUTHWESTERN ELECTRIC POWER COMPANY (SWEPCO) and were denied such employment from October 10, 1963, until the present;

(2) All black persons who are now employed by SOUTHWESTERN ELECTRIC POWER COMPANY (SWEPCO) from October 10, 1963, until the present;

(3) All black persons who have been laid off or fired by SOUTHWESTERN ELECTRIC POWER COMPANY (SWEPCO) from October 10, 1963, until the present.

NOTICE IS HEREBY GIVEN, pursuant to the Order of the United States District Court for the Western District of Louisiana, Shreveport Division, that CHARLES NELOMS, SAMMIE TAYLOR, ARTHUR HENRY and RONALD McKEEL have filed a lawsuit under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1866. This suit was filed on behalf of *themselves and all other black persons* who are similarly situated, against SOUTHWESTERN ELECTRIC POWER COMPANY (SWEPCO) and LOCAL NO. 329, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (UNION). The suit charges that SWEPCO and the UNION have discriminated against black persons in the areas of hiring, initial job assignment, transfers, lay-offs and promotions to supervisory and management positions.

The defendants, SWEPCO and the UNION, have denied that they have discriminated against black persons. The defendants further maintain that they have at all times been in full compliance with all laws relating to equal employment opportunity.

The United States District Court for the Western District of Louisiana, Shreveport Division, has permitted this suit to proceed as a *class action** only against defendant

\* A *"class action"* means, in this case, that Charles Neloms, Sammie Taylor, Arthur Henry and Ronald McKeel will represent the affected employees, and their lawyers will carry on the lawsuit in Court.

SWEPCO.

The membership of the class includes: (1) all blacks presently employed at SWEPCO; (2) all blacks who have been laid off or fired by SWEPCO; and (3) all blacks who applied for jobs with SWEPCO.

Notice is hereby given to each black person who applied for a job with SWEPCO since October 10, 1963, or who was employed by SWEPCO since October 10, 1963, that you are a *member of the class and will be bound by the results of this lawsuit, whether or not it is favorable to you.* Plaintiffs are represented by ROBERT E. PIPER, JR. and FRANK E. BROWN, JR. of the law firm of PIPER AND BROWN, 1617 Milam Street, Shreveport, LA 71103; and OKLA JONES II, 226 Carondelet Street, Suite 615, New Orleans, LA 70130. The defendant SWEPCO is represented by ARTHUR R. CARMODY, JR. of the law firm of WILKINSON, CARMODY AND PEATROSS, 1708 Beck Building, P.O. Box 1707, Shreveport, LA 71166, and WILLIAM F. BANTA of the law firm of KULLMAN, LANG, INMAN AND BEE, 615 Howard Avenue, P.O. Box 60118, New Orleans, LA 70160. Any black class member who does not wish to be represented by the plaintiffs' lawyers in this case because he is dissatisfied with that representation may intervene and make his position clear, appearing either by hiring his own lawyer or by representing himself. If you do not intervene in this case, the above-named attorneys for CHARLES NELOMS, SAMMIE TAYLOR, ARTHUR HENRY and RONALD McKEEL—Robert E. Piper Jr., Frank E. Brown Jr., and Okla Jones II—will represent your interests in this case. In other words, if you do not do anything, the suit will proceed, and you will be bound by the result. If you want another lawyer to represent you, or if you want to represent yourself (which is not advised), you must notify the Court, in writing, within thirty (30) days from the date of this Notice. Any notice from you received after that time will not be considered.

The sending of this Notice is *not* to be construed as an expression of *any* opinion by the Court on the issues of whether any

violation of any Civil Rights Act has occurred, or whether the defenses urged by the defendant companies may prevent you from recovering anything.

---

Robert H. Shemwell
Clerk of Court
United States District Court
Western District of Louisiana
P.O. Box 106
Shreveport, LA 71161"

All parties agree that individual notice should issue to all black employees currently in the employ of Southwestern Electric Power Company (SWEPCO), by first class mail. In addition, a consensus exists that the notice shall be published three times in *THE SHREVEPORT TIMES* and the *SHREVEPORT JOURNAL.* The areas of disagreement include whether the notice should be published in the *SHREVEPORT SUN,* whether it should be posted on company bulletin boards, whether it should be posted at various points of note within the black community, and whether plaintiffs or defendants should bear all or part of the costs of notice.

The complaint in the present case alleges action or conduct by defendants against the entire class of plaintiffs. Rule 23(b)(2) of the Federal Rules of Civil Procedure, therefore, best describes the type of class action brought in this instance. The notice required by Rule 23(c)(2) and *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), is not mandated under the rules of civil procedure except when the case falls under the Rule 23(b)(3) type of class action. Thus, the Court need not insure that individual notice be sent to all identifiable class members in this case as the Supreme Court required in *Eisen.* Still, the Fifth Amendment to the United States Constitution requires that a person receive due process of law before his rights may be stripped from him. What remains for consideration is what notice due process requires when the representative alleges a class-wide injury. Does it require notice at all? If so, to what extent? And who must pay for the identification and notification of class members?

Because no party can be bound by a judgment rendered against him without full due process protection, if he is not notified, he will not be bound if due process requires notification. There is significant authority for the proposition that parties who are not notified, but whose interests are represented adequately, are bound by the judgment when the case proceeds as a Rule 23(b)(2) class action. *See Frankel, Some Preliminary Observations Concerning Civil Rule 23,* 43 F.R.D. 39, 44–45 (1968). *See also Supreme Tribe of Ben-Hur v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921). Certainly, on its face Rule 23 does not require any notice to absent parties in subdivision (b)(2) cases. The omission has led some courts to hold that whether to require notice in Rule 23(b)(2) class actions is a matter within the sound discretion of the trial court. *E. g., United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826, 878–79 (5th Cir. 1975); *Johnson v. City of Baton Rouge,* 50 F.R.D. 295, 301 (E.D.La.1970). In *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the United States Supreme Court pretermitted a ruling on the notice required by Rule 23 because *Sosna* was brought under subdivision (b)(2) and sought only declaratory and class-wide injunctive relief. The *Sosna* decision, then, could be interpreted to hold that notice is not compelled by the constitution in any case arising as a class action by virtue of Rule 23(b)(2).

Careful examination of constitutional authority properly would restrict *Sosna* to its own peculiar facts. In that case, the ruling, whether in favor of or against the class, would not have prejudiced the rights of unnotified class members because they would have lost nothing monetarily. Application of the statute to a particular individual subsequent to the *Sosna* suit probably would escape the *res judicata* effect because new facts would have entered the fore. In such a circumstance, there is no probable prejudice to absent parties who do not receive notice. But the principle of

*Sosna* may not apply when rights of absent parties to monetary or specific injunctive relief purportedly would be concluded by the action in question.

*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1970), addressed the requirement of notice when suit is brought under Rule 23(b)(3). Because all of the claims were individualized and the class action merely was the most convenient mode of adjudication, due process, said *Eisen IV,* dictated individual notice to identifiable individuals. It did not address the requirements of due process with respect to notice in a Rule 23(b)(2) class action, but it relied on a 1950 United States Supreme Court case, *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1959), for its analysis of what due process requires.

■ *Mullane* arose out of a state class action; hence, its force is constitutional in scope and does not rest on the Federal Rules of Civil Procedure. The Court examined the requirements of notice to effect due process under the Fourteenth Amendment to the United States Constitution:

"An elementary and fundamental requirement of due process in *any* proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." 339 U.S. at 314–15, 70 S.Ct. at 657 (emphasis added, citations omitted).

The impulsion of *Mullane* is clear. Some form of notice reasonably calculated to apprise absent class members of the conduct of the suit is necessary even for Rule 23(b)(2) class actions, if the rights of those absent parties probably would be prejudiced as a practical matter by the eventual class judgment. Deciding what form the notice should take requires the Court to balance two interests. First, the class representa-

tive has an interest in minimizing the expense of notice because it may outweigh the worth of the suit. Second, the defendant has an interest in securing the most effective notice possible, no matter the cost, to prevent future litigations by those who claim not to be bound by the judgment on due process grounds. *Cf. Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Any deficiency in notice must be compensated to the absent parties in the form of vigorous representation by the named parties. *See Hansberry v. Lee, supra; Supreme Tribe of Ben-Hur v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921). In addition, if the claims are based upon allegedly class-wide offenses, the defendant may be comforted by the doctrine of *stare decisis. See Frankel, Some Preliminary Observations Concerning Civil Rule 23,* 43 F.R.D. 39 (1968).

■ In a letter to the Court, plaintiffs' counsel suggests that defendants should bear part of the cost of notice:

"Plaintiffs, moreover, shall be responsible for the costs of reasonable notice to identifiable class members, but feel that defendant SWEPCO should bear the cost of notice to the potential 5,000 class members, since the effect of res judicata is an affirmative defense of the defendant not plaintiffs. Rule 8c F.R.C.P."

The Court cannot agree. The ability and willingness of the named plaintiffs to notify absent class members is part and parcel of the named plaintiffs' duty adequately to represent the absent parties. If plaintiffs purport to represent the unidentified class members, and they cannot or will not support the cost of notifying them of the pendency of the action and the nature of the representation, then they cannot be said to represent the interests of unidentified parties adequately. Plaintiffs' argument, pursued to its logical extension, would require the defendant, or the party opposing the class, to ensure the protection of the class he opposes. Rule 23 squarely places that duty on the class representative. To do otherwise would be to reduce the class action to a mere rule of permissive joinder

rather than an efficient and effective method of administering civil justice. The Advisory Committee's Notes to F.R.C.P. 23 in its 1966 amendment belie that the rule was intended to perform such a limited function. If they are truly to represent the interests of absent parties, the named plaintiffs must bear the financial burden of the class notice.

■ For the above-stated reasons, plaintiffs shall follow the procedure outlined below, on or before September 30, 1976:

(1) Individual notices shall be sent to all current black employees of SWEPCO in the Louisiana Division. Plaintiffs shall purchase pre-printed first class postage-paid envelopes from the United States Postal Service and shall stamp them with the return address of the United States District Court for the Western District of Louisiana. Plaintiffs shall mail the notices by first class mail in the purchased envelopes, and they shall pay all postage and costs. The notice shall be sent in the same week as the advertised notice in the newspapers.

(2) Newspaper space, in the classified advertising section of each newspaper, shall be purchased for publication of the notice, at plaintiffs' cost, in the following manner:

(a) Notice shall be published three times within the same week in *THE SHREVEPORT TIMES* and the *SHREVEPORT JOURNAL.* Plaintiffs shall pay all costs of the published notice.

(b) The Court has determined that publication in the *SHREVEPORT SUN* is calculated to reach a large portion of the class. Therefore, plaintiffs shall purchase space in the classified advertising section of the *SUN* to appear once, in the weekly edition that is published in the same week as the notices in *THE TIMES* and *JOURNAL.* Plaintiffs shall pay all costs of the notice.

(3) The plaintiffs, through their counsel, shall notify the Court of the publication dates of the published notices and the mailing date of the individual notices.