Joy CENTENIO, Plaintiff,

v.

HELENA GARMENT COMPANY and Biltwell Company, Inc., Defendants.

No. H–C–77–6.

United States District Court,
E. D. Arkansas,
Helena Division.

July 10, 1979.

John F. Forster, Jr., Little Rock, Ark., for plaintiff.

Robert S. Lindsey, Robert D. Cabe, Wright, Lindsey & Jennings, Little Rock, Ark., Alan M. Rauss, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

This action was brought in a complaint filed on January 25, 1977, by the plaintiff, Joy Centenio, a resident of West Helena, Arkansas, alleging sex discrimination in employment. Jurisdiction is sought by the plaintiff under 28 U.S.C. § 1343(4), 2201 and 2202, and 42 U.S.C. § 2000e–5(f), being part of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The plaintiff seeks monetary and injunctive relief from the defendants.

The defendants, Helena Garment Company, a corporation organized under the laws of Arkansas with its principal place of business at West Helena, Arkansas, and Biltwell Company, Inc., a Missouri corporation authorized to do business in Arkansas, and owner of Helena Sportswear Co., deny any wrongdoing and have filed before the Court for consideration a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion before the Court shall be granted if the pleadings and deposition taken show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The facts of the incident from which this suit arose indicate that on November 13, 1974, the plaintiff, Joy Centenio, had returned from lunch and had stopped at the sewing machine of Maudeena Tidwell, another employee, to give her documents concerning union business. The plaintiff then returned to her machine and was followed by Tidwell, and at this point a fight between the plaintiff and Tidwell occurred. The plaintiff and Tidwell were called to the office of the manager, who immediately dismissed both employees for fighting.

Plaintiff filed on January 22, 1975, a verified charge with the Equal Employment Opportunity Commission asserting that she was unjustly discharged from her job because of her sex. The plaintiff did not use the union contract's grievance procedure. On November 26, 1976, the plaintiff requested a right to sue letter, which was issued by the Equal Employment Opportunity Commission. On January 27, 1977, the plaintiff filed this suit alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964.

The plaintiff also filed an unfair labor practice charge with the National Labor

Relations Board alleging discrimination by being discharged because of union activities. An investigation by the NLRB led to their determination that further proceedings on the charge were not warranted, in that the discharge of the plaintiff was not motivated by union considerations. The NLRB report states that the plaintiff admits that fighting is prohibited by company policy.

The plaintiff contends that: (1) she was discharged for fighting while male employees who fought were not discharged; (2) that male employees have received "less severe or no punishment" for drinking on the job than female employees; (3) that the defendants have used "excessive disciplinary action" against her and not others; and (4) that rates of pay and advancement were retarded as compared to male employees.

■ In cases of sex discrimination based on Title VII of the Civil Rights Act of 1964, the burden of establishing a prima facie case is on the plaintiff. Once a prima facie case is established, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the employee's discharge. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The defendant's motion for summary judgment was accompanied by a brief in support of the motion. The plaintiff has filed a response to defendant's motion, with brief, and subsequently the defendants have filed a reply to the response. Deposition of the plaintiff was also taken on April 13, 1977. Upon review of the testimony and evidence presented, this Court can only conclude that the allegations of the plaintiff are without merit, and that there are no genuine issues of material fact to establish a prima facie case of sex discrimination.

The plaintiff's own statement taken in deposition indicates that the policy of discipline of employees who violate company rules is not based on sex. It is clear from her testimony that the company follows no set rules as to discharge of an employee, and she also stated that both men and wom-en have been disciplined for the same type of violation. Plaintiff admits that she knew that fighting was against company policy, and that she could be disciplined for violation of such policy.

■ It has been the well stated rule followed by the Court that:

Employment practices which are [alleged] to be discriminatory or racial in nature must be viewed in the context of acceptable business purposes. In other words, "[t]he touchstone is business necessity". *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158, 164 (1971); *Garrett v. Mobil Oil Corporation*, 395 F.Supp. 117 (1975).

The Court is of the opinion that a company does not violate Title VII by discharging both men and women employees who engage in fighting on company premises. It is a business necessity for the employer to have the right to control the conduct of their employees during business hours and on company premises, in order to ensure a proper working environment. No evidence has been presented to show that male and female employees are treated differently when disciplined for fighting. Although some past violators of company rules have not been discharged, past company action in these matters has shown that both men and women have been discharged, and in other instances, given a less severe reprimand. The Court feels that although men and women employees who have fought on the job in the past have not been discharged, the employer does not apply the policy in a manner which discriminates on the basis of sex. The Court has stated previously that:

An employee may be discharged for good reason, bad reason, or no reason, absent discrimination. *Tims v. Board of Education of McNeil, Arkansas*, 452 F.2d 551 (8th Cir. 1971); *Harper v. Trans World Airlines, Inc.*, 385 F.Supp. 1001 (1974).

In the case before the Court, the Court can only conclude that the employer did not discriminate against the plaintiff in violation of Title VII of the Civil Rights Act of 1964.

Plaintiff has alleged that male employees have received "less severe or no punishment" for drinking on the job than female employees who were disciplined for fighting on the job. Again, the plaintiff's own statements taken in deposition indicate that the list of "drinkers" include both male and female employees not discharged. In the case of *King v. Sealand Coast Line R.R. Co.*, 538 F.2d 581 (4th Cir. 1976), where the plaintiff charged that his denial of seniority was discriminatory because the employer "rehired drunks with full seniority", the Court stated:

> Title VII is limited in application to discrimination in employment based on race, color, religion, sex, or national origin; it does not cover other types of discrimination, however unfair they may be. . . . The discrimination stated by the plaintiff in his charge is not based on race or sex nor reasonably related to or like a race or sex discrimination. Because "drunks" were treated more generously than the plaintiff has no resemblance or likeness to a race or sex discrimination. . . . Plaintiff's action for this reason does not state a cause of action under Title VII.

The Court can only conclude that the plaintiff's allegation has no merit, based upon her testimony. Plaintiff has admitted that any difference in disciplinary action taken of employees is not due to sex, and the Court is of the opinion that there is no violation of Title VII for any discrimination between "drinkers" and "fighters".

The plaintiff has also argued that the defendants have used "excessive disciplinary action" against her and not others for violation of company rules. Yet, the plaintiff has admitted in her testimony that the disciplinary action received from the company was unrelated to whether the employees were male or female. Plaintiff also admits that less severe disciplinary action has been taken against female employees. Based upon the plaintiff's statements, the Court must reach the conclusion that the contention of "excessive disciplinary action" is without merit.

Allegations have been made by the plaintiff that rates of pay and advancement for her and other females were "retarded compared to those of male employees". However, this contention is not included in any of the allegations regarding discrimination by the defendants in the charge filed with the Equal Employment Opportunity Commission.

In *Sanchez v. Standard Brands Inc.*, 431 F.2d 455 (5th Cir. 1970), the court stated that a complaint may include alleged discrimination "like or related to allegations contained in the charge and growing out of such allegations during the pendency of the cases before the Commission".

The Courts have also disallowed additional allegations of employment practices in a complaint filed with the Equal Employment Opportunity Commission alleging discrimination. The Court stated that:

> The record is clear that the Equal Employment Opportunity Commission [EEOC] was not requested to investigate these practices and that litigation of their validity in a Title VII enforcement suit at the present time would be unjustified. If parties were given complete freedom to litigate claims of discrimination never presented to the EEOC for investigation and conciliation, it would result in the frustration of the statutory scheme and policies favoring informal persuasion and voluntary compliance.

*Kinsey v. Legg, Mason & Company, Inc.*, 60 F.R.D. 91 (1973).

The Court in *Stubbs v. Bendix Field Engineering Corp.*, 15 E.P.D. ¶ 7968 (D.C.Md. 1977), held that since an EEOC investigation was limited to the specific charges regarding unfair job performance evaluation, failure to receive promotion or wage increases, and failure to be recalled from layoff, there was no basis for court consideration of the added allegations.

This Court must conclude that the additional allegations of the defendant are improper. The plaintiff's verified charge filed with the Equal Employment Opportunity Commission did not include any allegations

regarding discrimination by the defendants in pay or advancement, and therefore these issues are not properly before the Court.

In conclusion, this Court can only reach the decision, based upon the evidence presented, the testimony of the plaintiff, and briefs filed by the parties, that the defendants in no way violated Title VII of the Civil Rights Act of 1964 as to the plaintiff Joy Centenio. The plaintiff's own statements negate any showing of wrongdoing on the part of the defendants in the form of discrimination in the application of company policy. Therefore, the motion of the defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is well taken, and shall be granted by the Court in separate order.

The Court also states that due to the granting of defendants' motion for summary judgment, it will not be necessary for the Court to reach a determination of the issue of whether Biltwell Company, Inc. would be liable for past discriminatory acts of the Helena Garment Co.