Ruby LEACH, Individually and On Behalf of All Present and Past Employees of Standard Register of Fayetteville, Arkansas, As Well As On Behalf of All Past and Present Applicants for Employment at Standard Register of Fayetteville, Arkansas, Plaintiffs,

v.

The STANDARD REGISTER COMPANY, Defendant.

Civ. No. 81–5068.

United States District Court, W. D. Arkansas, Fayetteville Division.

May 14, 1982.

Matthew D. Horan, Terry R. Kirkpatrick, Fayetteville, Ark., for plaintiffs.

Lynn F. Wade, McAllister & Wade, Fayetteville, Ark. and Kathryn A. Lamme, Turner, Granzow & Hollenkamp, Dayton, Ohio and Jefferson D. Kirby, III, Ford, Harrison, Sullivan, Lowry & Sykes, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

On April 21, 1982, movant, Denise Parson, sought leave of this Court to intervene as party plaintiff in this cause. The action in which the movant seeks to intervene was commenced on June 15, 1981, by plaintiff, Ruby Leach, filing a complaint purporting to be a "Class Action Complaint" against defendant, Standard Register Company. Plaintiff Leach attempts to represent four sub-classes. The scope and definition of the sub-classes have undergone four or five revisions by plaintiff Leach.

Since the action was initiated eleven months ago, both defendant and plaintiff Leach have engaged in extensive discovery, filed voluminous pleadings and exhibits, and thoroughly briefed the class issue. This Court has been active in issuing a number of orders in delimiting the scope of the action and in directing the action to a timely resolution. Over twice the amount of time normally allotted for pre-certification discovery has been extended the parties. See Rule 24 of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas.

A class certification hearing was held on March 23, 1982; a briefing schedule was established; the briefs have been completed and submitted; and the certification issue has been under consideration by the Court for some time, with a view toward allowing the parties to meet their June 28, 1982 trial date.

Intervention is now sought by Denise Parson not only individually but as representative of a class of job applicants.

Intervenor argues that Rule 24(a)(2) Federal Rules of Civil Procedure allows any party to intervene in an ongoing action when a statute of the United States confers an unconditional right to do so. In this vein, intervenor asserts that 42 U.S.C. § 2000e–5(b)(1) confers such an unconditional right.

Upon careful scrutiny of 42 U.S.C. § 2000e–5(b)(1), this Court is unable to locate such a provision. 42 U.S.C. § 2000e–

5(f)(1) does however provide for intervention of right by an aggrieved party, but *only* when the action is commenced by the Equal Employment Opportunity Commission. This action was not so instituted.

Intervenor further asserts that she claims an interest relating to the property or transaction which is the subject of the action and that she is so situated that the disposition of the action may impair or impede her ability to protect that interest. Intervenor contends that her interest is not adequately represented by any existing parties, in that she belongs to the class of applicants discriminatorily *denied* employment by defendant.

In this regard, the basic requirements of class action litigation should be briefly noted. These are (1) numerosity; (2) commonality; (3) typicality; (4) adequate protection by the named representative of the interest of the class; and (5) applicability of either Rule 23(b)(1), (b)(2), or (b)(3).

■ These requirements, especially "commonality", "typicality" and "adequate representation", are often overlapping in nature. The concept of adequate representation embraces many factors. One aspect of "adequate representation" is inherent to the plaintiff's ability. Factors here include that (1) plaintiff's counsel be qualified, experienced, and generally able to conduct the litigation, (2) there be no evidence of collusion or conflicting interests between the representatives and the class, (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision-making as to the conduct of the litigation, and (4) the representatives possess the ability to bear the costs and expenses of litigation. See *Wright v. Whitehall Sch. Dist.*, 92 F.R.D. 80 (E.D.Ark. 1981); *Morgan v. Laborers*, 81 F.R.D. 669 (D.Cal.1979).

■ Another aspect of "adequacy of representation" is occasioned by the overlapping of "typicality" and "commonality" with "adequacy of representation". Obviously, if the representative lacks the elements of "typicality" and "commonality", the representative cannot be an "adequate representative" of the putative class.

Although the Court has not yet determined the "inherent" suitability of Ruby Leach as a class representative, the Court has found that Ruby Leach is not an adequate representative of the claims of Denise Parson and her putative class, because "typicality" and "commonality" are lacking. In fact, as noted, intervenor concedes that Ruby Leach is not an adequate representative of intervenor's interest, not because of Ruby Leach's "inherent" inadequacy, but because of *factual differences* (Intervenor's Brief, p. 3). Thus, intervenor's claims and positions are dissimilar to those of Ruby Leach. Therefore, intervenor is not a member of any class or sub-class Ruby Leach may represent. Continuing along this line, it appears that intervenor would not be bound by the adjudication of plaintiff Leach's action.

■ Although Rule 24, Federal Rules of Civil Procedure, allows intervention where, *inter alia*, the intervenor's interest is not adequately represented, it must appear that disposition of the pending action presents a substantial possibility of impairing the intervenor's interest. Where, as here, intervenor is not so situated that his interest may be impaired, Rule 24, Federal Rules of Civil Procedure, does not mandate intervention.

■ Therefore, in the context of class action litigation, while intervention pursuant to Rule 24(a) may be appropriate where the intervenor is arguably a member of one of the previously defined classes represented by the named party and possibly endangered by the representative's "inherent" inadequate representation, it does not seem appropriate to allow intervention where the intervenor's ability to protect his interest would not be affected, because not specifically litigated, by the disposition of the pending cause.

■ At the risk of over-simplification, an individual who has been hired cannot represent rejected applicants, as their interests

differ and indeed may be diametrically opposed. See *Tuft v. McDonnell Douglas Corp.*, 581 F.2d 1304 (8th Cir. 1978); *Jones v. MacMillan Bloedel Containers, Inc.*, 84 F.R.D. 640 (E.D.Ark.1979). See also *East Texas Motor Freight Systems, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

Movant asserts that an intervenor in a Title VII case is not required to exhaust all administrative remedies prior to intervention in an ongoing case. This is perhaps true in a suit filed by the Commission. 42 U.S.C. § 2000e–5(f)(1); *Nevilles v. EEOC*, 511 F.2d 303 (8th Cir. 1975). It is not necessarily true where, as here, the intervenor (1) is not a proper member of any class involved in ongoing litigation; (2) seeks to represent a new class not properly represented by the parties already involved; (3) where the claims of the intervenor involve issues never raised before the commission and not practically identical with charges filed by the named plaintiff; and (4) where the action is filed by an individual rather than the Equal Employment Opportunity Commission.

▮ The only issue raised by movant is that of sex discrimination in hiring. Neither the original nor amended EEOC charges filed by plaintiff Leach raised this issue. See generally *Centenio v. Helena Garment Co.*, 475 F.Supp. 25 (E.D.Ark. 1979); *Hodge v. McLean Trucking Co.*, 607 F.2d 1118 (5th Cir. 1979); *Spirt v. Teachers Insur. & Annuity Assn.*, 93 F.R.D. 627 (S.D. N.Y.1982).

On this point, movant cites *Vuyanich v. Republic Nat'l Bank of Dallas*, 505 F.Supp. 224 (N.D.Tex.1980) for the proposition that "it is sufficient for a named class representative to file a complaint with that agency." (Intervenor's Brief, p. 4). However, in *Vuyanich* the court said:

> The Fifth Circuit in *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1968) first established the rule that unnamed plaintiffs in a Title VII class action need not have exhausted administrative remedies by filing a discrimination charge with the EEOC. The court in that case

reasoned that it would 'be wasteful, if not vain, for numerous employees, all with the *same grievance* to have to process many identical complaints with the EEOC.' 398 F.2d at 498. (emphasis added).

.     .     .     .     .

This rule was extended to intervenors in *Wheeler v. Amer. Home Prod. Corp.*, (563 F.2d 1233 (5th Cir. 1977)), an action in which class status had been denied. *Id.*, at 237.

*Wheeler* and *Oatis*, supra, are other cases cited by movant. *Wheeler, Oatis*, and *Vuyanich*, supra, stand for the same rule. They all deal with intervenors presenting the same allegations, conceptually in the same class as the named party.

It required nine months for plaintiff and defendant to conduct discovery and address the class certification issue to the Court. If intervention by Ms. Parson as a class representative is allowed at this date, one month prior to trial, it is clear that the trial must be postponed, further discovery would ensue, and additional hearings would be required.

▮ It is mandatory that an application for intervention be timely. *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). The Eighth Circuit recognizes the rule thusly:

> Among the factors the judge should consider are: how far the proceedings have gone when the movant seeks to intervene, *NAACP v. New York*, supra, 413 U.S. at 367–368, 93 S.Ct. 2591 [at 2603–2604]; *Iowa State University Research Foundation v. Honeywell, Inc.*, 459 F.2d 447, 449 (8th Cir. 1972), prejudice which resultant delay might cause to other parties, *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125–1126 (5th Cir.), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *Kozak v. Wells*, supra, 278 F.2d [104] at 109, and the reason for the delay, *Iowa State University Research Foundation v. Honeywell, Inc.*, supra, 459 F.2d at 449.

*Nevilles*, supra.

Movant asserts that she was unaware of discriminatory practices by defendant until

the class certification hearing. Movant notes:

> In this case, Ms. Parson was given no reason as to why Defendant did not hire her. Her testimony at the class certification hearing showed that she believed that she failed the Bennett Mechanical Comprehension Test; Defendant's records indicate that she passed the test. That fact was unknown to Ms. Parson until March 23, 1982. Although Defendant now asserts that they received an unfavorable recommendation from her last employer, the movant is prepared to offer contradictory evidence uncovered since the class certification hearing.

(Movant's Brief, p. 4).

While this may explain Ms. Parson's failure to pursue her claims until the present time, it does not show that intervention in *this* action is timely and proper. Movant's interest can be sufficiently protected by filing an individual suit or class action of her own.

Were movant allowed to intervene in this proceeding, the defendant would be faced with a greatly expanded class, after the evidence on the class issue had been heard, briefed, and submitted. Defendant would be facing the fifth alteration of the scope of the class.

Defendant is entitled to have the class delineated intelligently and have it remain so delineated for a period sufficient to allow defendant to know what issues and persons are involved.

Suffice it to say that movant has failed to demonstrate that intervention is proper in the circumstances present here.